IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WEST VIRGINIA LABORERS' PENSION
TRUST FUND, et al.,

          Plaintiffs,

v.                                                CIVIL ACTION NO.   2:12-cv-00689

ACCURATE PRO-CUT LLC, et al.,

          Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant Accurate Pro-Cut LLC's ("Accurate") Motion to Dismiss [Docket 5], the defendant Kelli J. Ross's Motion to Dismiss [Docket 4], and the plaintiffs' Motion to Strike Motion by Accurate Pro-Cut LLC to Dismiss [Docket 6]. For the reasons discussed below, the plaintiff's Motion to Strike [Docket 6] is **GRANTED** and the court **ORDERS** the defendant Accurate's Motion to Dismiss [Docket 5] stricken from the record. The court **DENIES** the defendant Kelli J. Ross's Motion to Dismiss [Docket 4].

**I.    Background**

    A.    *Facts*

This case is a dispute over allegedly unpaid benefits. The plaintiffs describe themselves as "a local labor union" and represent individuals in West Virginia and "affiliated multiemployer benefit funds." (Mem. Supp. Pls.' Resp. to Mot. to Dismiss [Docket 9], at 2.) The defendant Accurate acts as a contractor that employs laborers and has signed several collective bargaining

agreements. (*Id*.) Accurate is a limited liability company of which Kelli Ross is the sole member. (*Id*.)

The plaintiffs have brought this suit under ERISA. The plaintiffs assert that starting on June 3, 2011, they have sought "certain employee records and information and payroll records" for an audit they were conducting. (*Id*. at 3.) They claim that they are entitled to those records under the terms of various collective bargaining agreements, but that Ms. Ross has denied them access. (*Id*.) By initiating the instant suit, the plaintiffs are seeking access to those records and any "unpaid contributions and deductions to the various benefit funds and laborers' locals as determined by the audit." (*Id*.) The plaintiffs also request that the court find that Ms. Ross is an alter ego of Accurate and that she is a fiduciary—findings that could make Ms. Ross personally liable for any unpaid contributions.

B.  *Procedural History*

On March 13, 2012, the plaintiffs initiated the instant suit by filing the Complaint, seeking monetary damages and equitable relief. Both defendants filed Motions to Dismiss in response to the Complaint. Ms. Ross is proceeding pro se, and she filed the motions on behalf of herself and Accurate. The plaintiffs have filed a Motion to Strike Accurate's Motion to Dismiss, asserting that Accurate's Motion should be stricken from the record as it is a corporation and Ms. Ross is not a member of the West Virginia bar. These Motions are now ripe for review.

II. **Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted Legal Standard**

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarranto v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil

Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to

plausible." *Twombly*, 550 U.S. at 570.

**III.    Analysis of Kelli J. Ross's Motion to Dismiss**

Ms. Ross has moved to dismiss the plaintiffs' Complaint, asserting that the plaintiffs failed to state a claim against her. (Def.'s Mot. to Dismiss [Docket 4].) In her Motion, Ms. Ross asserts that she is not personally liable for the responsibilities of Accurate because it is a limited liability company. (*Id.*) Ms. Ross claims that Accurate was a "real, legitimate business" and that she kept separate records for the business. (*Id.*) In response, the plaintiffs claim that Ms. Ross is personally liable for Accurate's obligations because she is an alter ego of Accurate and because she was a fiduciary of the funds. (Pls.' Mem. Supp. Resp. to Mot. to Dismiss [Docket 9], at 5.)

The plaintiffs have alleged sufficient facts to state a claim against Accurate for which Ms. Ross could be personally liable. The Complaint alleges that the collective bargaining agreements signed by Accurate and Ms. Ross provide the plaintiffs with the right to audit Accurate's records. The United States Supreme Court has held that such provisions in a collective bargaining do not violate ERISA. *Cent. States Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985). The plaintiffs have also alleged that they are entitled to the deductions and contributions under the collective bargaining agreements signed by the defendants. Thus, the court **FINDS** that there are sufficient facts alleged in the Complaint to state a plausible claim for relief against the defendants.

Officers and shareholders of a corporation may be personally liable for contributions or deductions in certain circumstances. When examining claims brought pursuant to ERISA, courts are willing to pierce the corporate veil and hold individuals personally liable in certain instances. *See, e.g.*, *Connors v. Princeton Coal Grp.*, 770 F. Supp. 1132, 1138-39 (S.D. W. Va. 1991); *W.*

*Va.-Oh. Valley Area IBEW Welfare Fund v. Ball Elec. Co., Inc.*, 685 F. Supp. 953, 954 (S.D. W. Va. 1988). Courts have also found individual officers and shareholders personally liable under ERISA as fiduciaries. *See Connors v. Paybra Mining Co.*, 807 F. Supp. 1242, 1247 (S.D. W. Va. 1992). In this case, the plaintiffs' Complaint contains sufficient factual allegations to make it plausible that Ms. Ross could be personally liable for unpaid contributions or deductions. Accordingly, the court **DENIES** Ms. Ross's Motion to Dismiss.

### IV.  Legal Analysis Regarding the Plaintiffs' Motion to Strike

The plaintiffs have also moved to strike Accurate's Motion to Dismiss because it was filed by Ms. Ross. Specifically, the plaintiffs claim that Accurate is a corporation, meaning that it cannot proceed *pro se*. The plaintiffs assert that Ms. Ross is not an attorney in West Virginia and, because she filed Accurate's Motion, it should be stricken from the record.

It is well established that a corporation cannot proceed *pro se* and must be represented by an attorney. *See, e.g.*, *Forth's Foods, Inc. v. Allied Benefit Adm'r, Inc.*, No. 3:07-cv-0670, 2008 WL 88610, at *2 (S.D. W. Va. Jan. 7, 2008). A retained attorney is the only individual permitted to act for the corporation. *Id*. "A corporation, which is an artificial entity that can only act through agents cannot proceed pro se . . . . Accordingly, only retained counsel could have acted on behalf of [this] corporation." *Id*. (quoting *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y. 1998)).

In this case, Accurate is a corporation and the plaintiffs assert that Ms. Ross is not an attorney in West Virginia. Ms. Ross has not challenged that assertion. The docket entries in this case show that Ms. Ross filed the Motion to Dismiss on behalf of Accurate. Accordingly, the

court **GRANTS** the plaintiffs' Motion to Strike Motion by Accurate Pro-Cut LLC to Dismiss [Docket 6] and **ORDERS** the Motion to Dismiss [Docket 5] be stricken from the record.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       August 22, 2012

                Joseph R. Goodwin, Chief Judge